Rachel Rebecca Stevens (261360)
Amy Lynn Bennecoff Ginsburg (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA
Telephone: 215-540-8888
Facsimile: 215-540-8817
rstevens@creditlaw.com
aginsburg@creditlaw.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELLA JOHNSON, | Case No.: 2:17-cv-01094-JAM-KJN |
| Plaintiff, | **ORDER AUTHORIZING PRODUCTION OF CELLULAR TELEPHONE RECORDS BY METRO PCS** |
| v. | |
| BLUESTEM BRANDS, INC. d/b/a FINGERHUT, | Date: March 15, 2018 |
| | Time: 10:00 a.m. |
| Defendant. | Location: 501 I Street, Courtroom 25 Sacramento, Ca 95814 |
| | Hon. Kendall J. Newman, U.S.M.J. |
| | Complaint Filed: May 25, 2017 |
| | Trial Date: September 10, 2018 |

## ORDER

### I. INTRODUCTION

The motion of Plaintiff, Marcella Johnson ("Plaintiff") for an order authorizing Metro PCS/T-Mobile to release and produce cellular telephone records for the number 916-308-1616 from March 1, 2015, through October 31, 2016, in

response to Plaintiff's subpoena served on September 12, 2017, was taken under submission on March 16, 2018, without appearance and without argument pursuant to Local Rule 230(g). (ECF No. 21.) After careful consideration of the briefing and the Motion being unopposed, this Court hereby GRANTS the Motion.

## II. BACKGROUND

This case was brought under the Telephone Consumer Protection Act, 47 U.S.C. §§227 *et seq.* ("TCPA") and seeks damages for alleged telephone calls to Plaintiff's cellular telephone number of 916-308-1616 from Defendant. The TCPA prohibits calling any person at a cellular telephone number using an automatic telephone dialing system or pre-recorded or artificial voice without consent, which may be revoked at any time, and the Plaintiff alleges she told Defendant to stop calling her; Defendant alleges it had consent and denies she ever told them to stop. See 47 U.S.C. §227(b)(1)(A)(iii); Levy v. Receivables Performance Management, 972 F.Supp.2d 409, 422 (E.D.N.Y. 2013). The Plaintiff alleges that Defendant violated the TCPA by placing repeated automated calls to her cellular telephone that continued after she revoked consent to call orally during a phone conversation. The Defendant denies this alleged revocation ever occurred.

Therefore, Plaintiff subpoenaed the cellular telephone records for 916-308-1616 on September 12, 2017. However, Metro PCS did not produce the telephone records, but responded to the subpoena that it cannot provide records for a California cell phone absent a court order authorizing production. Because the 916-

308-1616 number is a prepaid cellular telephone with a California area code for which Metro PCS does not keep records of the subscriber name and California law, requires a court order or written consent from the subscriber for a cellular carrier to release subpoenaed records. As such, the requested relief is necessary to obtain the telephone records, an important source of relevant evidence in this case.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1). As further set forth in Rule 26(b)(1), "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *Id.* Rule 26 governs the scope of discovery for both parties and non-parties, so a subpoena under Federal Rule of Civil Procedure 45 may be issued to a non-party to discover any information that would be properly discoverable if it is was in the hands of party. See Fed. R. 26(b)(1) and Fed R. Civ. P. 45, Advisory Comm. Notes ("Paragraph (a)(2) makes clear that…the nonparty witness is subject to the same scope of discovery under the rule as a person would be as a party to whom a request is addressed pursuant to Rule 34").

## III. DISCUSSION

A court order authorizing Metro PCS to produce the subpoenaed telephone records for Plaintiff's cellular telephone number of 916-308-1616 for the period

between March 1, 2015, and October 31, 2016, is therefore proper because these records are relevant evidence in possession of a non-party that would be properly discoverable if possessed by a party. See Fed. R. 26(b)(1) and Fed R. Civ. P. 45, Advisory Comm. Notes ("Paragraph (a)(2) makes clear that…the nonparty witness is subject to the same scope of discovery under the rule as a person would be as a party to whom a request is addressed pursuant to Rule 34").

This information is relevant because it is bears upon facts that could impact the outcome of the case. The TCPA prohibits calling any person at a cellular telephone number using an automatic telephone dialing system or artificial or pre-recorded voice absent the affirmative defense of "prior express consent" and such consent may be revoked at any time. See 47 U.S.C. §227(b)(1)(A)(iii); Levy v. Receivables Performance Management, 972 F.Supp.2d 409, 422 (E.D.N.Y. 2013). The Plaintiff alleges she told Defendant to stop calling her; Defendant alleges it had consent and denies Plaintiff ever told them to stop. Thus, the Plaintiff's phone records directly touch on contested issues that could impact the outcome of the case and are highly relevant.

Finally, MetroPCS has not challenged the Plaintiff's subpoena as improper. Instead Metro PCS has indicated that it can comply, but only if the Court issues an order allowing it do so. The parties also have conferred and Defendant consents to this request.

**4**
[PROPOSED] ORDER AUTHORIZING PRODUCTION OF CELLULAR
TELEPHONE RECORDS BY METRO PCS
CASE NO. CV 2:17-cv-01094-JAM-KJN

## IV. CONCLUSION

Based on the foregoing, the Plaintiff's Consent Motion for an Order Authorizing Production of Cellular Telephone Records by Metro PCS is **GRANTED**.

**IT IS SO ORDERED.**

Dated: March 20, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE